**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 17, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DOROTA PETERSON,

     Plaintiff - Appellant,

v.

STAPLES INC. HUMAN RESOURCES,

     Defendant - Appellee.

No. 24-8041
(D.C. No. 1:23-CV-00059-SWS)
(D. Wyo.)

_____

**ORDER AND JUDGMENT***
_____

Before **MATHESON**, **LUCERO**, and **PHILLIPS**, Circuit Judges.
_____

Plaintiff-Appellant Dorota Peterson was employed by Staples the Office Superstore, LLC (Staples).[1] About two years into her tenure at Staples, a male employee complained to management that Ms. Peterson was sexually harassing him. Staples investigated the allegations and found them to be substantiated. Staples then terminated Ms. Peterson based on its zero-tolerance sexual harassment policy.

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] The district court noted Ms. Peterson incorrectly identified the defendant in this case as "Staples, Inc. Human Resources." R., vol. 2 at 463 n.1.

Ms. Peterson subsequently filed a pro se complaint against Staples, alleging she was wrongfully terminated. She brought federal claims under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act (ADEA), as well as state law claims for defamation, libel, and slander. Staples moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss the state law claims and two of the Title VII claims for discrimination and retaliation based on sex. The district court granted that motion.

After discovery, Staples moved for summary judgment under Federal Rule of Civil Procedure 56 on Ms. Peterson's ADEA claim and her Title VII claims for hostile working environment, retaliation, and discrimination based on national origin. The district court granted the motion and entered judgment in favor of Staples. The court also awarded Staples its costs as the prevailing party.

Proceeding pro se, Ms. Peterson now appeals. Exercising jurisdiction under 28 U.S.C. 1291, we affirm.

We liberally construe pro se filings, but we "cannot take on the responsibility of serving as a litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks omitted). And pro se litigants must "follow the same rules of procedure that govern other litigants." *Id.*

Ms. Peterson argues the district court erred in granting summary judgment for Staples. But she makes only conclusory assertions that Staples's motion for summary judgment contained factual errors and that the district court incorrectly

2

decided the facts in granting the motion—she provides no citations to the record to support these assertions.

Federal Rule of Appellate Procedure 28 requires the appellant to set forth "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(8)(A). Even construing Ms. Peterson's brief liberally, we agree with Staples that she has waived appellate review of any challenges to the district court's summary judgment ruling by failing to support her argument with citations to the record and legal authority. *See Pignanelli v. Pueblo Sch. Dist. No. 60*, 540 F.3d 1213, 1217 (10th Cir. 2008) (citing Rule 28 and concluding appellant had waived appellate review of her claim and her request to reverse the district court's grant of summary judgment on that claim by failing to cite any legal authority or record evidence to support the claim); *Garrett*, 425 F.3d at 841 (citing Rule 28 and concluding pro se appellant had waived appellate review of district court's dismissal order due to inadequate briefing where the brief "consist[ed] of mere conclusory allegations with no citations to the record or any legal authority for support").

Ms. Peterson appears to raise three other issues related to non-dispositive orders involving discovery and costs. The first issue involves the court's denial of her motion to deem facts admitted that she filed when Staples failed to initially respond to all her requests for admissions. The magistrate judge denied the motion because Staples did submit supplemental responses fully answering the requests, and there was no prejudice to Ms. Peterson from the delay. The second issue relates to a

3

motion to compel she filed.  The district court did not rule on that motion separately, but it denied all outstanding motions as moot at the end of its summary judgment ruling, and the motion to compel was one of the outstanding motions.  Finally, Ms. Peterson raises an issue related to costs.  The Clerk of the district court awarded Staples costs as the prevailing party, but Ms. Peterson moved the court to "[r]etax" the costs, suggesting it would be a financial hardship for her to pay them.  Supp. R., vol. 2 at 99.  A magistrate judge denied that motion.

Staples argues these issues are not properly presented on appeal because Ms. Peterson did not object to the orders resolving them.  We disagree with Staples as to its reasoning for disposing of these issues.  The district court resolved the motion to compel in the final order that is before us on appeal.  Staples has not cited any authority that would require Ms. Peterson to file a separate objection to a ruling in a final order in addition to filing a notice of appeal.  So that discovery issue is properly before this court.

As for the other two issues, the failure to object to a magistrate judge's non-dispositive order can result in a waiver on appeal.  *See Sinclair Wyo. Refin. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 783 (10th Cir. 2021).  But this waiver rule does not apply when "a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object."  *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).  In the two orders Ms. Peterson is challenging, the magistrate judge did not notify her that she needed to object to them to preserve

appellate review.  Given these circumstances, it is not appropriate to apply this waiver rule based on Ms. Peterson's failure to object to the magistrate judge's orders.

We conclude, however, that Ms. Peterson has waived appellate review on a different basis—her failure to adequately brief how the district court abused its discretion in resolving the discovery and costs issues, *see King v. PA Consulting Grp., Inc.*, 485 F.3d 577, 590 (10th Cir. 2007) (reviewing discovery ruling for abuse of discretion); *Barber v. T.D. Williamson, Inc.*, 254 F.3d 1223, 1233 (10th Cir. 2001) (reviewing costs award for abuse of discretion).  Ms. Peterson does not engage with the reason the district court denied her motion to deem facts admitted—that Staples corrected its deficiencies, and she did not suffer any prejudice in the delay.  She simply makes the conclusory assertion that Staples "did not follow Federal Discovery Rules" and the district court "favor[ed]" Staples "regarding Discovery Rules."  Aplt. Br. at 5.  On the motion to compel, she asserts the "district court blocked [her] regarding discovery issues in this case regarding Federal Rule 26," *id.*, but she does not explain what she means by this assertion or include any cites to her motion to compel or to Staples's response to that motion.  Finally, on the costs issue, Ms. Peterson does not appear to recognize that costs are generally awarded to the prevailing party, *see* Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs . . . should be allowed to the prevailing party.").  Staples was the prevailing party in this case.  Ms. Peterson contends it does not "make logical sense" that the district court denied her motion to retax costs, but she provides no legal authority to support her argument.  Aplt. Br. at 9.

As with her argument on the district court's summary judgment ruling, Ms. Peterson has not adequately briefed her arguments on these issues. She again relies on conclusory assertions without any citations to the record or legal authority. She has therefore waived appellate review of these issues. *See Garrett*, 425 F.3d at 841.

Accordingly, we affirm the district court's judgment.[2]

Entered for the Court

Gregory A. Phillips
Circuit Judge

---

[2] We note that we would have reached the same result even without waiver based on the reasoning in the district court's very thorough 42-page decision.